Howard KIM, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00352–CR.

Court of Appeals of Texas,
Waco.

Nov. 2, 2005.

Howard Kim, Huntsville, pro se.

Charles A. Rosenthal, Jr., Harris County Dist. Atty., Houston, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

We issued an opinion in Howard Kim's underlying conviction on October 6, 2004. The trial court's judgment was affirmed.

Kim has now filed additional papers challenging his conviction asserting the trial court lacked jurisdiction and arguing, based on *Ex parte Seidel*[1], that he can appeal a trial court's lack of jurisdiction at any time. Kim is wrong. For at least

1. 39 S.W.3d 221 (Tex.Crim.App.2001).

three reasons, we do not have jurisdiction of his appeal, and we dismiss it.

### TRANSFER JURISDICTION

■ Kim's original criminal case was transferred to us, as the Supreme Court may do. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). When a case is transferred to us, we have jurisdiction of the case regardless of where the case was originally tried. *Id.* § 73.002(a). However, this appeal was not transferred to us; Kim sent it to us. And Kim is complaining about the actions of a trial court in Harris County. Under normal circumstances, a court of appeals has appellate jurisdiction only within their respective districts. *See* TEX. CONST. art. 5, § 6. Harris County is not within this Court's judicial district. *See* TEX. GOV'T CODE ANN. § 22.201(k) (Vernon Supp.2005). Therefore, we have no jurisdiction over Kim's attempted appeal.

### FINAL JUDGMENT IN HIS ORIGINAL APPEAL

If Kim was intending to re-open his original appeal, he cannot.

■ An opinion was issued in Kim's original appeal in October of 2004. We denied his motion for rehearing in November. The Court of Criminal Appeals refused discretionary review of Kim's case in March of 2005. Our mandate issued in June.

Kim's appeal is final and we cannot act on that case. Our plenary power to act in the original appeal expired in December of 2004, 30 days after we denied his motion for rehearing. TEX.R.APP. P. 19.1. Thus, we have no jurisdiction.

### POST CONVICTION COLLATERAL ATTACK

■ If Kim was intending to file a post-conviction collateral attack, we, again, do not have jurisdiction of his attack. As the Sixth Court recently stated:

Our original and appellate jurisdiction is limited by the Texas Constitution and by statutes promulgated by the Texas Legislature and approved by the Governor. The Texas Constitution grants this Court original jurisdiction only in cases where specifically prescribed by law. TEX. CONST. art. V, § 6. As it relates to the case now before us, we are not among the list of courts authorized to grant relief pursuant to post-conviction writs of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005). We also are not authorized under TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp.2004) to consider an original, post-conviction application for writ of habeas corpus. Our law requires post-conviction applications for writs of habeas corpus, for felony cases in which the death penalty was not assessed, to be filed in the court of original conviction, made returnable to the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b) (Vernon 2005).

*Ex parte Martinez,* 175 S.W.3d 510, 512–13 (Tex.App.-Texarkana 2005, orig. proceeding)

Thus, we do not have jurisdiction of a post-conviction collateral attack.

### WHAT *SEIDEL* MEANS

Kim relies on *Ex parte Seidel*[2] in support of his argument that because the trial court lacked jurisdiction, his initial sentence and revocation were void and he could raise this complaint at any time. In *Seidel,* the district court dismissed a case with prejudice, and the State did not appeal. When the State re-filed the case in the county court, the court granted the defendant's application for writ of habeas corpus, stating that because the previous

---

**2.** 39 S.W.3d 221 (Tex.Crim.App.2001).

case was dismissed with prejudice, the State was not allowed to file a lesser charge stemming from the same transaction. The State appealed that ruling, and the court of appeals held that although the defendant was entitled to a discharge from bail, the State was not barred from filing charges later. The court of appeals found, however, that the State waived error when it failed to appeal the district court's dismissal with prejudice.

 On discretionary review, the Court of Criminal Appeals delineated the difference between the lack of jurisdiction over a case and the lack of authority to act in a particular manner. Lack of jurisdiction over a case always renders a judgment void. *Ex parte Seidel,* 39 S.W.3d 221, 224 (Tex.Crim.App.2001). A lack of authority to act may render a judgment void or voidable. *Id.* A judgment is void if, although the court has jurisdiction over a case, the court's action is not authorized by law. *Id.*

In *Ex parte Seidel,* the Court of Criminal Appeals found that the district court had jurisdiction to dismiss the case but did not have the authority to dismiss it "with prejudice." *Id.* at 225. The dismissal with prejudice was an act not authorized by law. *Id.* Thus, the judgment was void, and the State could attack it by direct appeal or collateral attack. *Id.*

Kim contends that the trial court lacked jurisdiction and the judgment was void. As discussed earlier in this opinion, Kim's original direct appeal is final, and we cannot entertain a collateral attack. *Ex parte Seidel* does not help Kim in this case.

### CONCLUSION

This Court has no jurisdiction of Kim's current appeal. Therefore, we dismiss it.