IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00088-CR

 

In re
Willis Jackson Perryman

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

          Relator has filed an Application[1]
for Writ of Mandamus seeking to compel the District Attorney or District Judge
of Newton County to comply with this Court’s mandate issued January 9, 2006
regarding the appointment of counsel in connection with a motion to conduct DNA
testing under the former provisions of the Texas Code of Criminal Procedure,
Chapter 64.  See Act of April 3, 2001, 77th Leg. R. S., ch. 2, § 2, 2001
 Tex. Gen. Laws 2, 2-3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art 64.01
(Vernon Pamp. 2005)).  The application was not served on the respondent trial
court judge or the real party in interest.  Tex.
R. App. P. 9.5, 52.2.  Normally, under these circumstances we would
await proof of service before disposition of the application.

          However, because the application
sought is against the District Judge of Newton County, which is beyond the
territorial limits of this Court’s jurisdiction, and this mandamus proceeding
was not transferred to us pursuant to a Docket Equalization Order from the
Texas Supreme Court, we have no jurisdiction of this application.  See Kim
v. State, 181 S.W.3d 448, 449 (Tex. App.—Waco 2005, no pet.).  Accordingly,
we utilize Rule 2 to lift the requirement of service and dismiss the
application for lack of jurisdiction.  Tex.
R. App. P. 2.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Writ
dismissed

Opinion
delivered and filed April 19, 2006

Do
not publish

[OT06]









[1]
  An original proceeding seeking
extraordinary relief is commenced by filing a petition, not an application.  See
Tex. R. App. P. 52.1.  But we
will use the term relator uses.