NO. 07-06-0236-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 14, 2006



______________________________




EX PARTE ALFRED LEE STONE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Alfred Lee Stone, an inmate proceeding pro se, has filed an application for a writ of
habeas corpus seeking relief from a final conviction for aggravated assault. He argues the
indictment was defective thereby denying him the right to prepare a proper defense and his
right to due process of law. We dismiss for want of jurisdiction.

 This Court has original jurisdiction only in cases specifically prescribed by law. See
Tex. Const. art. 5, § 6; Tex. Gov't Code Ann. §§ 22.220 and 22.221 (Vernon 2004). Article
11.05 of the Texas Code of Criminal Procedure lists the courts which are authorized to
issue a writ of habeas corpus. Absent from that list are courts of appeals. See Kim v.
State, 181 S.W.3d 448, 449 (Tex.App.-Waco 2005, no pet.),

 A post-conviction application for a writ of habeas corpus for a felony in which the
death penalty was not assessed must be filed in the court of original conviction and made
returnable to the Texas Court of Criminal Appeals. See Tex. Code Crim. Proc. Ann. art.
11.07(3)(a), (b) (Vernon 2005). Thus, we do not have jurisdiction to entertain Stone's
application.

 Accordingly, this proceeding is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice




Do not publish.



/>
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00008-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



OCTOBER
5, 2010

 



 

JAVIER YEBRA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 69TH DISTRICT COURT OF MOORE
COUNTY;

 

NO. 4249; HONORABLE RON ENNS, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

A Moore County jury found appellant,
Javier Yebra, guilty of aggravated assault with a
deadly weapon[1]
and assessed a fifty-year sentence of incarceration.  He appeals his conviction contending that the
evidence was factually insufficient to support a finding that he used a deadly
weapon and that he acted with the requisite intent.  He also maintains that the States pretrial
amendment of the indictment was impermissible. 
We will affirm.

 

Factual and Procedural History

            Complainant,
Darlene Flores, went with her roommate, Rosa Aguirre, to a bar in Cactus,
Texas.  While there, Flores met
appellant.  Flores bought him a beer, and
the two played pool.  During their
interaction, appellant told her that if she did him wrong that he had a
knife.  Flores and Aguirre left the bar
at about 2:00 a.m.  Though uninvited and
unbeknownst, appellant followed them.

            At
this point, the details regarding the sequence of the nights events vary
somewhat among the witnesses.  Flores
recalled going to her room to change clothes. 
Appellant, after having somehow gained entry to the house, tried to get
into her room.  Flores slammed the door
to prevent him from doing so, changed clothes, and then went outside to talk to
him.  Appellant accused Flores of having
stolen CDs from him.  Appellant then
attacked Flores.  Flores remembered being
on the ground as appellant was kicking and punching her.  Flores had fallen to the ground near some
beer bottles and picked up a number of these bottles and threw them at
appellant.  She also hit him in the head
with a bottle as he continued hitting her. 
She got to her feet and ran around the car toward the house.  She tried to get inside but Aguirre would not
open the door because appellant had tried to punch her as well.

            According
to Flores, appellant again violently approached her.  Flores presumed that it was during this stage
of the altercation that appellant stabbed her although she was unaware of her
stab wounds until later when she was inside receiving medical care from
paramedics.  Flores did not see a knife
during any stage of the altercation.  She
testified that, as a result of the wounds, she had to go to the hospital.  She testified that she underwent surgery and
that once, during her approximately three-week stay in the hospital, she was
transferred to ICU after she had stopped breathing.  Flores admitted to having drunk a great deal that
night and that her recollection of the night came only in bits and pieces.

            Aguirre
testified that after she and Flores returned home, Flores and appellant left
together in appellants car, perhaps to search for more beer, and were gone for
30 to 45 minutes.  When they returned,
appellant came into the house but Aguirre directed him to go outside.  He complied and waited outside for Flores for
a little while then came back in the house and tried to get in the
bedroom.  Aguirre again told him to leave
the house.  Appellant went back outside
and waited on the porch to talk to Flores.

            Flores
joined him while Aguirre remained inside. 
Aguirre heard Flores and appellant arguing.  She looked outside and saw appellant punching
Flores by the front door; she did not see him stab her.  Aguirre moved to go out and assist Flores but
was denied exit by appellant deliberately pushing the door closed.  Appellant also tried to punch Aguirre,
causing damage to the screen door.  She
explained that only appellant and Flores were outside the house that
night.  Appellant eventually left, and
Aguirre helped Flores inside and noticed that she was bleeding bad.  

            Appellant
was charged with aggravated assault with a deadly weapon.  On September 21, 2009, over two and a half
months before trial began, the trial court granted the States motion to amend
the indictment.  The two-day trial began
on December 8.  At trial, Flores and
Aguirre provided their foregoing accounts of the night.  Aguirres fifteen-year-old twin children both
testified that only appellant and Flores were outside that night.  Neither saw appellant stab Flores.  The responding officer testified that a brief
search of the scene yielded no knife, and no knife was found on appellant.

            No
one disputes that there was an altercation between appellant and Flores.  Likewise, it is undisputed that Flores
sustained serious wounds that night. 
According to Dr. Thomas Parsons, a forensic pathologist who examined
photographs of the wounds and a medical report of a CT scan, the wounds were
most likely caused by a knife or knife-like object.  He described the wound characteristics that
led him to that conclusion and explained the risks posed by the fact that
Floress liver was lacerated.

            Appellant
did not testify.  In his defense, he
recalled Aguirres daughter who testified that, before Flores went outside to
talk to appellant, Flores said to her boyfriend on the phone that she was going
outside to kick his A.

            On
December 9, the jury returned its guilty verdict.  Appellant timely appealed and brings to this Court two issues. 
In his first issue, he challenges the factual sufficiency of the
evidence.  He focuses on the evidence to
prove that he used a deadly weapon but also challenges the element of
intent.  In his second issue, he contends
the pretrial amendment of the indictment was impermissible as one that
prejudiced his substantial rights by impairing his ability to prepare his
defense.

Factual Sufficiency of the Evidence

Standard of Review

            We
begin our factual sufficiency review under the assumption that the evidence is
legally sufficient.  Laster v. State, 275
S.W.3d 512, 518 (Tex.Crim.App. 2009).  In a factual sufficiency review, we view all
of the evidence in a neutral light to determine whether the jury's verdict of
guilt was rationally justified.  See
Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). 
We give deference to the trier of facts determination
if supported by evidence and may not order a new trial simply because we may
disagree with the verdict.  Id. at 417.  We
may reverse for factual insufficiency only when there is some objective basis
in the record that demonstrates that either (1) the evidence supporting the
verdict is so weak that the verdict seems clearly wrong and manifestly unjust,
or (2) the great weight and preponderance of the evidence contradicts the
jurys verdict.  See Laster, 275 S.W.3d at 518.  An appellate opinion addressing factual
sufficiency must include a discussion of the most important evidence that appellant claims undermines the jurys verdict.  Simms v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).  When a defendants version of the facts
conflicts with other evidence, it is the jurys prerogative to judge the
credibility of the evidence and to ascribe the weight to be given to the
evidence.  See Jones v. State,
944 S.W.2d 642, 64849 (Tex.Crim.App.
1996).

Deadly weapon finding

            Appellant
maintains that Floress wounds could have been inflicted accidentally or by a
third party, though no third party was identified.  Appellant relies on the following evidence or
lack of evidence to support his contention that the evidence is factually
insufficient to support the deadly weapon finding: (1) no testimony that
appellant was seen in possession of a knife, (2) no knife recovered from scene
or from appellant, (3) no testimony from witnesses that anyone saw appellant
stab Flores, (4) witness testimony limited to seeing appellant punch or hit
Flores, (5) Floress lack of recollection of being stabbed, (6) inconsistencies
between Floress testimony and statement to police, (7) evidence of broken beer
bottles on the ground during admitted altercation in which Flores was on the
ground, and (8) the fact that witnesses to the altercation never went outside
to see if another person was present.

            Based
on the possibilities posed by the evidence,[2]
appellant urges this Court to find the evidence factually insufficient.  While we do note that the state of the
evidence is such that a number of things could
have happened that night, we are not charged with determining the plausibility
of alternate theories.  While the
existence of other reasonable hypotheses may be relevant to our review of the
factual sufficiency of the evidence, it is not determinative.  See Wilson v. State, 7 S.W.3d 136, 141 (Tex.Crim.App.
1999).  In fact, we may not find the
evidence to be factually insufficient merely because there are reasonably
equal competing theories of causation. 
Steadman v. State, 280 S.W.3d 242, 247 (Tex.Crim.App.
2009) (quoting Goodman v. State, 66 S.W.3d 283, 287 (Tex.Crim.App.
2001)).  The evidence cited by appellant
as supporting alternative theories of how Flores sustained her injuries do not
form an objective basis demonstrating that the great weight and preponderance
of the evidence contradicts the jurys verdict. 
See Laster, 275
S.W.3d at 518.  

            Turning
now to our review of the evidence supporting the States allegations rather
than alternative theories, we note that the State need not introduce the object
into evidence for the trier of fact to find that such
object was a deadly weapon.  See Morales
v. State, 633 S.W.2d 866 (Tex.Crim.App.
1982).  Even without a description of the
weapon, the victims injuries can, by themselves, be a sufficient basis for
inferring that an appellant used a deadly weapon.  See Tucker v. State, 274 S.W.3d
688, 69192 (Tex.Crim.App. 2008); see also Morales,
633 S.W.2d at 86869 (photograph of deep slash requiring stitches and running
from below victims earlobe across her cheek to the corner of her mouth was
sufficient to show that a deadly weapon was used).

            Here,
there is evidence that Flores suffered five stab wounds that required surgery
and a three-week stay in the hospital. 
At one point, she was transferred to ICU when she stopped
breathing.  Further, Dr. Parsons, an
experienced forensic pathologist, testified that he examined photographs of the
wounds and a medical report of a CT scan performed on Flores.  In his opinion and based on his review of the
photographs and medical report, Floress wounds were most likely caused by a
knife or knife-like object.  He detailed
how the elasticity of the skin generally causes such wounds to have the bowed
appearance visible in the photographs. 
He testified, too, that the wounds displayed characteristics of having
been inflicted by an object having one sharp edge.  He also explained how the linear cuts on the
shirt Flores was wearing were also consistent with having been caused by a
knife or knife-like object.  He testified
that Floress injuries could have caused death. 
One of the wounds lacerated her liver, which required surgery and posed
a serious risk of severe blood loss and infection within the abdominal wall.

            When
presented with the theory that a broken bottle caused Floress injuries,
Parsons responded that injuries inflicted by broken bottles typically have a fairly pronounced arc of circumference not present
in Floress wounds.  While he acknowledged
that it was theoretically possible that the wounds were inflicted by a piece of
a bottle, if a very specifically-shaped shard of glass was used, Parsons
generally discounted the theory.  Though
there was no evidence identifying the instrument or object used, Parsons
specifically testified that a deadly weapon caused Floress injuries.  See Tucker, 274
S.W.3d at 692.  So, based on
Floress account of her injuries, medical records, photographs depicting her
wounds and blood loss, and expert medical testimony regarding the nature and
source of the wounds, the jury could have reasonably found that appellant used
a deadly weapon.

            The
absence of evidence specifically identifying or describing the weapon used does
not render the foregoing evidence of a deadly weapon so weak that the verdict
is clearly wrong or manifestly unjust.  See
Laster, 275 S.W.3d at 518.  The evidence supporting the deadly weapon
finding is factually sufficient.  We
overrule this issue.

Intent

            In
a less-developed contention, appellant maintains that the evidence is
insufficient to show that he acted with the requisite intent.  It is an offense to intentionally, knowingly,
or recklessly cause injury to another.  Tex. Penal Code Ann. § 22.01(a)(1).  Again,
appellant points to the possibility that Floress wounds were inflicted
accidentally or by a third party.  The
State has not specifically addressed the contentions regarding intent by brief
or by oral argument.

            The
only evidence of appellants intent, he argues, are
Floress wounds.  However, there is also
evidence that the two were arguing and cursing outside before the altercation
and that appellant hit and punched Flores and chased her around the car.  Further, Flores testified that appellant
accused her of stealing from him.  Intent
may be inferred from the circumstances surrounding the act.  See Guevara v. State, 152 S.W.3d 45, 50 (Tex.Crim.App.
2004).  Factually sufficient evidence
supports the finding that appellant acted with the requisite intent.  We overrule this issue.

Amendment of Indictment

            The
indictment originally charged that appellant used a deadly weapon, to wit: a
knife.  Over two and a half months
before trial and over objection, the trial court allowed the State to amend the
indictment to allege that appellant used a deadly weapon, to wit: a knife or
some unknown object.  Citing Flowers
v. State, 815 S.W.2d 724, 729 (Tex.Crim.App.
1991), appellant argues that the amendment prejudiced his substantial rights by
impairing his ability to present a defense to the deadly weapon allegations.

Applicable Law and Standard of Review

            Article
28.10 governs the amendment of an indictment and provides that, after notice
to the defendant, a matter of form or substance in an indictment or information
may be amended at any time before the date the trial on the merits
commences.  Tex. Code Crim. Proc. Ann. art. 28.10(a) (Vernon 2006).
However, [a]n indictment or information may not be amended over the
defendants objection as to form or substance if the amended indictment or
information charges the defendant with an additional or different offense[3]
or if the substantial rights of the defendant are prejudiced.  Id. art. 28.10(c).  In Flowers,
the Texas Court of Criminal Appeals determined that a review of the entire
record is appropriate to determine whether an amendment was prejudicial under
the substantial rights provision of article 28.10(c).  815 S.W.2d at 729.  Based on appellants position, then, we
review the record to determine whether the pretrial amendment impaired his
ability to prepare his defense.

Discussion

            Appellant
incorporates his factual insufficiency points to support his contention that
the amendment was prejudicial to his substantial rights.  Appellant adds that the amendment
substantively altered the nature of the weapon that was allegedly used so
that, in essence, any object could qualify in this case as a deadly weapon.

            As
we have concluded, the evidence at trial was factually sufficient to support
the deadly weapon finding.  And nothing
in the record seems to suggest the amendment impaired appellants ability to
prepare a defense.  His defense centered
on testimonial inconsistencies and evidentiary gaps leaving open the
possibilities that Flores was stabbed accidentally or by a third party.  The amendment arguably drew attention to the
fact that the State was not certain of the precise nature of the object used.

            Nor
did it have to be; again, the State need not introduce the object used as a
deadly weapon.  See Tucker,
274 S.W.3d at 69192. 
Further, the amendment did not appear to alter the States theory
although it could be said to broaden or alter the scope of evidence available
to prove appellants use of a deadly weapon. 
With respect to the scope of evidence, we return to Flowers: 

Changing an element, such as the name of the owner, changes the
evidence needed to prove the offense.  If
such amendment is made on the basis of the same incident upon which the
original indictment is based, it will, in most cases, be permissible under the
substantial rights provision [of article 28.10(c)] after a review of the record
for prejudice.

815
S.W.2d at 729.  Here, the amendment related to the same
incident forming the basis of the original indictment.  Appellants defense focusing on the fact that
no one ever saw a knife and urging the possibility that the injuries could have
been caused by beer bottles or an unidentified third party, it seems, would
have remained the same regardless of the amendment.[4]  Further, the jury was charged on the
applicable statutory definition of deadly weapon.  See Tex.
Penal Code Ann. § 1.07(a)(17)(B) (Vernon Supp.
2009).  Finally, we note that appellant
had approximately two and one-half months notice of the amendment, a total of
seventy-eight days.  The pretrial amendment
did not violate article 28.10(c) by prejudicing appellants substantial
rights.  We overrule appellants second
issue. 

Conclusion

            Having
overruled appellants issues, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish. 

 











[1]
Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(2)
(Vernon Supp. 2009).

 





[2]
To the extent that appellant advances his
argument in the reasonable alternative hypothesis paradigm, we note that such
construct was overruled in Geesa v. State,
820 S.W.2d 154, 161 (Tex.Crim.App. 1991).





[3]
A different offense, as contemplated by article
28.10(c), means a different statutory offense. 
Flowers, 815 S.W.2d at 727.  Appellant does not specifically challenge the
amendment in terms of charging an additional or different offense. 





[4] The amended language or some unknown object
actually appears twice in the indictment. 
Following the amendment, the indictment alleged that appellant 

intentionally, knowingly, or recklessly cause[d] bodily injury to [ ] Flores by
cutting or stabbing the said [ ] Flores with a knife or some unknown object and
the Defendant did then and there use or exhibit a deadly weapon, to-wit: a
knife or some unknown object, during the commission of said assault.

So, when the amended indictment is read in its
entirety, the amendment becomes less broad in that the State must still prove
that the object, even if unknown, cut or stabbed Flores.  That is, the scope of the evidence available
to prove use of a deadly weapon is not as wide as it might, at first glance,
appear.  With that in mind, it would
appear that appellants defensive theory would have to change little to address
the amendment.