**Opinion issued June 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-16-00208-CR**
**NO. 01-16-00209-CR**

———————————

**IN RE ARTHUR DAVID LOWE, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Arthur David Lowe, has filed a petition for writ of mandamus, challenging the trial court's *nunc pro tunc* judgments entered in April 2014 in two underlying criminal convictions for aggravated kidnapping.[1]

---

[1]    The underlying case is *The State of Texas v. Arthur David Lowe*, trial court cause numbers 659154 and 659156, in the 339th District Court of Harris County, Texas, the Honorable Maria T. Jackson, presiding.

Although he challenges the trial court's *nunc pro tunc* judgments, relator is nonetheless challenging felony convictions. To challenge felony convictions, the remedy is by habeas corpus, not by mandamus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *see also In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.— Texarkana 2006, orig. proceeding) (sole method for collateral attack on felony conviction is application for writ of habeas corpus). Even if we construed relator's petition as an application for habeas corpus, we would have no jurisdiction to consider it. *See Kim v. State*, 181 S.W.3d 448, 449 (Tex. App.—Waco 2005, no pet.) (court of appeals lacks jurisdiction over post-conviction collateral attack by habeas corpus); *Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (dismissing for lack of jurisdiction application for writ of habeas corpus as court of appeals lacks original jurisdiction over 11.07 applications for writ of habeas corpus); *Ashorn v. State*, 77 S.W.3d 405, 409 (Tex. App.— Houston [1st Dist.] 2002, pet. ref'd) (court of appeals has no original habeas corpus jurisdiction in criminal cases); *In re Thomas*, No. 01–15–00786–CR, 2015 WL 6081429, at *1 (Tex. App.—Houston [1st Dist.] Oct. 13, 2015, orig. proceeding) (dismissing for lack of jurisdiction petition for writ of habeas corpus because court has no original habeas corpus jurisdiction in criminal case). Accordingly, we have no jurisdiction to grant the relief relator seeks.

We dismiss the petition for want of jurisdiction.

2

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).