

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00121-CR

## EX PARTE PRISCILLA ZITEK BRASWELL

### Original Proceeding

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. DC-F202000429

## OPINION

Priscilla Zitek Braswell has presented this Court with a document requesting relief

from confinement due to the setting of pre-trial bail in an amount which she claims she

cannot afford. From the contents of the document, it appears that Braswell was confined

after an incident between the vehicle she was driving and another vehicle and after a

blood draw was performed on Braswell. We consider and file this document as an

original application for a writ of habeas corpus.[1]

A writ of habeas corpus is the remedy to be used when any person's liberty is

---

[1] It is important to note that this is not a direct appeal of a ruling denying a pre-trial writ of habeas corpus filed in the trial court which challenged the amount or conditions set for bail. Rather, this is an original proceeding, an application for a writ of habeas corpus, filed directly with this Court.

restrained, and it is issued by a court or judge of competent jurisdiction. TEX. CODE CRIM. PROC. art. 11.01. As it relates to this proceeding, we are not among the list of courts authorized to grant relief pursuant to a pre-trial application for a writ of habeas corpus. *See Kim v. State*, 181 S.W.3d 448, 449 (Tex. App.—Waco 2005, no pet.); *Ex parte Martinez*, 175 S.W.3d 510 (Tex. App.—Texarkana, orig. proceeding). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or any judge in those courts. *See* TEX. CODE CRIM. PROC. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding).

Article V, section 8 of the Texas Constitution and articles 11.05 (power to issue writs), 11.08 (applicant charged with a felony), and 11.09 (applicant charged with a misdemeanor) of the Texas Code of Criminal Procedure, however, "combine to provide a procedure for seeking, and jurisdiction, power and authority in district courts under Article 5, § 8, to grant, relief and, failing there, for appeal to a court of appeals, subject to discretionary review by [the Court of Criminal Appeals]." *See* TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. arts. 11.05, 11.08, 11.09; *Rodriguez v. Court of Appeals, Eighth Supreme Judicial Dist.*, 769 S.W.2d 554, 557 (Tex. Crim. App. 1989) *quoting Ex parte Renier*, 734 S.W.2d 349, 353 (Tex. Crim. App. 1987). An applicant could, therefore, invoke the original jurisdiction of the district court through a habeas corpus application. *Id.* This, however, would be subject to cases where exclusive, appellate, or original jurisdiction is conferred by the Constitution or other law on some other court, tribunal, or administrative body.

*See* TEX. CONST. art. V, § 8.[2]  Here, the original jurisdiction of the district court would not be limited by this Court's jurisdiction.

Our original and appellate jurisdiction is limited by the Texas Constitution and by statutes promulgated by the Texas Legislature and approved by the Governor.  *Kim*, 181 S.W.3d at 449 (*quoting Ex parte Martinez*, 175 S.W.3d 510 (Tex. App.—Texarkana, orig. proceeding).  The Texas Constitution grants courts of appeals original jurisdiction only where specifically prescribed by law.  TEX. CONST. art. V, § 6.  The original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases where a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case.   TEX. GOV'T CODE ANN. § 22.221(d); *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding).  Thus, the courts of appeals have no original habeas-corpus jurisdiction in criminal matters.  *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994).  *See also In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

Because Braswell requests a writ to be issued by this Court in what appears to be a criminal matter, we have no jurisdiction to rule on Braswell's request.  Accordingly, this proceeding is dismissed.

TOM GRAY
Chief Justice

---

[2] An applicant's ability to raise a constitutional pretrial writ application may also be subject to the cognizability of the claim.  *See e.g. Ex parte Perry*, 483 S.W.3d 884, 896 (Tex. Crim. App. 2016) (certain types of as-applied claims may be raised by pretrial habeas); *Ex parte Watkins*, 73 S.W.3d 264, 273 (Tex. Crim. App. 2002) (any double jeopardy claim is cognizable on a pretrial writ).  But that is an issue we need not discuss at this juncture.

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Davis[3]
Application dismissed
Opinion delivered and filed July 7, 2021
Publish
[OT06]



---

[3] The Honorable Rex Davis, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.