Dearl FLOWERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 322–90.

Court of Criminal Appeals of Texas, En Banc.

Sept. 18, 1991.

Matthew Dekoatz, Charles Louis Roberts, El Paso, G. Davis Smith, Dallas, for appellant.

Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

A jury convicted appellant of theft of oilfield equipment and assessed punishment at confinement for four years. See V.T.C.A. Penal Code, § 31.03(e)(5)(A)(ii). The Court of Appeals reversed the conviction, holding that pre-trial amendments of the indictment violated Article 28.10(c), V.A.C.C.P. *Flowers v. State*, 785 S.W.2d 890 (Tex.App.—El Paso 1990). We granted the State's petition for discretionary review to address the Court of Appeals' interpretation of Art. 28.10(c).[1]

---

1. Article 28.10 states:

   (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

   (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

   (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment

The indictment charging appellant with theft of oilfield equipment stated, in pertinent part, that appellant:

intentionally and knowingly did unlawfully appropriate property, namely ninety-two (92) joints of two and three eights (2⅜) inch upset tubing, said property belonging to the State of Texas, hereinafter styled the Complainant and in the custody of a law enforcement agency, namely, the Texas Department of Public Safety, and expressly represented by a law enforcement officer, Special Texas Ranger Dick Chenault to the Defendant as being stolen, and said property being equipment designed for use in exploration and production of natural gas or crude petroleum oil, with intent to deprive the Complainant of the property,....

On April 20, 1988, at a pre-trial hearing appellant argued that his motion to quash the indictment should be granted because the State had failed to allege all of the necessary elements of theft. Specifically, appellant argued that the indictment had to track V.T.C.A. Penal Code, § 31.03(b)(3),[2] and specifically state how the appropriation was unlawful. The trial court agreed that the provision should be included, but permitted the State to amend the indictment over appellant's objection that the addition of an element required a new indictment by the grand jury. Appellant also requested that his motion for discovery be granted, *inter alia,* to inform him of the actual owner of the property.

On April 22, 1988, the State filed a motion to amend the indictment setting out the changes. On June 6, 1988, after a pretrial hearing, the trial court granted the motion over appellant's objection that both changes—changing the name of the owner and adding the provision set out in § 31.03(b)(3)—violated Art. 28.10(c), and required a new indictment. The indictment

was amended to read, in pertinent part, that appellant:

intentionally and knowingly [did] unlawfully appropriate property, namely ninety-two (92) joints of two and three eights (2⅜) inch upset tubing, said property owned by George Autry, hereinafter styled the Complainant and in the custody of a law enforcement agency, namely, the Texas Department of Public Safety, and explicitly represented by a law enforcement officer, Special Texas Ranger Dick Chenault to the Defendant as being stolen, and the Defendant did appropriate the property believing it was stolen by another, and said property being equipment designed for use in exploration and production of natural gas or crude petroleum oil, with intent to deprive the Complainant of the property, ... [The underlined portions reflect the changes made].

The Court of Appeals held that Art. 28.10(c), must be read to reflect the requirements of Article I, § 10 of the Texas Constitution concerning the right to indictment by a grand jury.[3] The court found that changing an element of the offense such as the name of the owner, and adding a "statutory element of culpability essential to conviction" (referring to the addition of language tracking § 31.03(b)(3)), violated Art. 28.10(c), because either change charged a "different offense." The court characterized the provisions of Art. 28.10(c) concerning "an additional or different offense" and "the substantial rights of the defendant," as limitations "roughly correspond[ing] to the preexisting distinction between fundamentally defective indictments and those suffering solely from notice defects." The court stated that similar to fundamental defects, whether an amendment charged an "additional or different offense" under Art. 28.10(c) must be

---

or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

**2.** Section 31.03(b)(3) states:

Appropriation of property is unlawful if: property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as

being stolen and the actor appropriates the property believing it was stolen by another.

**3.** Article I, § 10, states, in pertinent part: [N]o person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, ... [except in certain cases not applicable here].

viewed prospectively, while a determination of whether the "substantial rights" of a defendant are prejudiced must be viewed retrospectively or from a post-trial viewpoint. The court concluded that when viewed prospectively a change of a "substantive" or "essential" element altered the potential legal theories or nature of proof involved and, therefore, charged a different offense than that found by the grand jury. The court found that the allegation of the owner and the allegation concerning the unlawfulness of the appropriation were essential elements and the amendments concerning these elements violated Art. 28.-10(c) by charging a "different offense."

■ We first address the amendment adding § 31.03(b)(3) in its entirety. The Court of Appeals characterized this provision as a "statutory element of culpability essential to conviction." The court held that adding it to the indictment violated Art. 28.10(c) because it charged a "different offense," and because it prejudiced the substantial rights of appellant when viewed retrospectively since this issue was hotly contested.

In *Ex parte Luna*, 784 S.W.2d 369 (Tex. Cr.App.1990), we held that the definitions of "unlawfully" in § 31.03 were not essential elements of theft, but were evidentiary matters that need not be alleged in order to sufficiently charge the offense of theft. Section 31.03(b)(3) was added to the other statutory definitions of "unlawfully" in 1985. The reasoning of *Luna* applies to this definition. The section is not an element of the offense which must be alleged in the indictment. Furthermore, it does not describe an act or omission so it need not be included in the indictment, even in the face of a motion to quash. *Garcia v. State*, 747 S.W.2d 379 (Tex.Cr.App.1988); *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr. App.1981); *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981).

Therefore, since § 31.03(b)(3) is a definition of "unlawfully" and is not an essential element of theft, amending the indictment in the instant case by adding it in its entirety did not charge a "different offense." It merely added evidentiary matters which

the State was then bound to prove. No matter of "substance" was involved. See *Studer v. State*, 799 S.W.2d 263 (Tex.Cr. App.1990).

■ The Court of Appeals also seemed to hold that amending the indictment to add this provision prejudiced the "substantial rights" of appellant under Art. 28.10(c) because this was an essential statutory element involving a hotly contested issue. We need not decide what "substantial rights" may be, including whether this concerns matters of form and notice, because in the context of the instant case there is no form or notice violation and no harm. First, as just discussed, this information was not an element of the offense. Second, the addition of this information gave appellant more notice of the details of the offense than that to which he was legally entitled, even in the face of a motion to quash. See *Garcia*, supra; *Thomas*, supra; *Ferguson*, supra. Since appellant was not legally entitled to have this information included in the indictment, it is doubtful that its inclusion could ever be harmful under Art. 28.10(c) so as to prejudice his substantial rights. See *Swope v. State*, 805 S.W.2d 442 (Tex.Cr.App.1991). Further, as a matter of notice, such addition goes to the form of the indictment, not the substance, and is properly added to the indictment by amendment. *Janecka v. State*, 739 S.W.2d 813 (Tex.Cr.App.1987). Even if it could be argued that such addition of a matter of form could somehow prejudice the substantial rights of a defendant, there is no showing of such in the instant case. This is not a defect and the record of the pre-trial hearing demonstrates that all of the parties were fully aware of the State's theory of theft well in advance of trial.

We turn now to the amendment changing the allegation of the owner from the State of Texas to George Autry. The Court of Appeals held that viewing the indictment from a prospective standpoint, this change required different proof and different legal theories, rendering this amended offense a "different offense" from that originally alleged. The opinion indicated that the State

must prove an essential element as originally alleged because that is what was acted upon by the grand jury in handing down the indictment. This calls into consideration the limitation of Article I, § 10, concerning the right to indictment by grand jury, upon amendments to indictments under Art. 28.10(c).

■ In *Studer* this Court examined Article 1.14(b), V.A.C.C.P., and Article V, § 12(b) of the Texas Constitution regarding defects in indictments. After discussing legislative history we concluded that these changes meant that an indictment would still be an indictment even though defective in matters of "substance," such as the absence of an element. We also concluded that all of the related legislative changes, including those made to Art. 28.10, fundamentally changed prior constitutional requirements concerning the requisites of an indictment as interpreted under Art. I, § 10. We stated, "[w]e believe that the requisites of an indictment stem from statutory law alone now. The inferential requirements of Art. I, Sec. 10 as construed in *Williams* [*v. The State*, 12 Tex.App. 395 (1882) ] (to require that all the elements of an offense be in an indictment) have, by the will of the people, been abolished." *Id.* 799 S.W.2d at 272. Because statutory law alone controls the requisites of an indictment, we must look to the interpretation of Art. 28.10(c) to determine whether an amendment is proper.

The 1985 amendments to Art. 28.10 were part of legislation changing the effect of fundamental defects in indictments. See *Studer*, supra. Senate Bill 169, of which Art. 28.10 was part, was the implementing legislation to the constitutional amendment, Art. V, § 12, concerning defects in charging instruments. The legislative history of Art. 28.10(c) is helpful in analyzing its meaning. See Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform*, 38 Baylor L.Rev. 1, at 45–47. As originally proposed by Senator Brown, amendments to Art. 28.10 broadly allowed pretrial amendment of "any matter of form or substance." See Tex.S.B. 169, 69th Leg. (1985)

(as introduced on January 15, 1985). After some discussion concerning what limits this imposed on amendments, for example in converting a felony theft indictment to charge rape, Art. 28.10(c) was presented in its current form. Tex.S.B. 169, 69th Leg. (1985) (committee substitute as reported favorably on March 20, 1985). No further mention of these changes was made. See Dix, supra, p. 45–46.

■ Article 28.10(c) speaks in terms of an amendment charging "an additional or different offense." This phrase is not defined in the Code of Criminal Procedure, but there is authority in another context which provides some guidance. Under the joinder provisions of the Penal Code prior to its amendment in 1987, V.T.C.A. Penal Code, § 3.01, defined "criminal episode" as the "repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)." This Court interpreted this provision and "one offense" to mean the repeated commission of the *same statutory offense*. See *Fortune v. State*, 745 S.W.2d 364 (Tex.Cr.App.1988); *Jordan v. State* 552 S.W.2d 478 (Tex.Cr. App.1977). Therefore, a different offense means a different statutory offense.

There are several reasons why this interpretation of Art. 28.10(c) is correct. First, the joinder provisions indicate that "different offense" means a different statutory offense. *Fortune*, supra; *Jordan*, supra. A change in an element of an offense changes the evidence required to prove that offense, but it is still the same offense. Second, to interpret "different offense" to include the same statutory offense with some change in the allegation of an element, effectively nullifies Art. 28.-10(a) whenever a defendant objects. If the only purpose of the constitutional and legislative changes in 1985 was to require a defendant to object to any defect, this result might be acceptable. But, such an interpretation would also negate the usefulness of Art. 28.10(c). If a substance defect is the adding or changing of any element of the offense, see *Studer*, so as to charge a "different offense" under Art. 28.10(c), no indictment could ever be amended as to substance, over a defen-

dant's objection. This would nullify the language of Art. 28.10(c) permitting a substance amendment over objection if the amendment did not charge "an additional or different offense." Every substance change would charge a "different offense." Because a statute should be interpreted to be effective, we do not so construe Art. 28.10(c). See Govt.Code § 311.021.

■■■■ Such interpretation does not end our analysis. Even though the amendments are not objectionable as charging an additional or different offense, they may be improper if they prejudice the "substantial rights" of the defendant. In *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986), we discussed the analysis of prejudice to the "substantial rights" of a defendant in the context of notice defects in a charging instrument under Article 21.19, V.A.C.C.P. We held that a review of the record of the case was appropriate to decide whether the error in failing to convey notice had an impact on the defendant's ability to prepare a defense. In other words, a retrospective view of the error was appropriate. Such review is likewise proper under the "substantial rights" provision of Art. 28.10(c) to determine and evaluate prejudice. The "substantial right" affected may be similar to a right to notice as in *Adams* so that the inquiry will be whether the amendment had an impact on the defendant's ability to prepare a defense, or it may concern some other "substantial right" claimed by a defendant so that the inquiry or focus of prejudice is different depending on the "substantial right" violated.

Changing an element, such as the name of the owner, changes the *evidence* needed to prove the offense. If such amendment is made on the basis of the same incident upon which the original indictment is based, it will, in most cases, be permissible under the substantial rights provision after a review of the record for prejudice. See *Adams*, supra. Exactly what rights may be "substantial" in a given case will depend on the circumstances of the case. Of course, it is possible that an amendment such as changing the owner might reflect an entirely different incident as the basis

for the allegation. If this were so, the "substantial rights" provision of Art. 28.-10(c) would be implicated to protect the defendant, and the right to indictment by a grand jury under Art. V, § 10 might be implicated. For example, if the record shows that the amendment is made so as to charge a different occurrence or incident than that originally alleged in the indictment, the substantial rights of a defendant would be prejudiced in part because he has been denied any grand jury review of the offense as required by Art. I, § 10.[4]

In the instant case the indictment originally alleged the owner as "the State of Texas." The State amended the indictment to allege the owner as "George Autry." Consistent with our previous discussion, this amendment did not charge an additional or different offense. Therefore, we look to the record to determine if appellant's substantial rights were prejudiced.

The record of the pre-trial hearings reflect that in a motion for discovery appellant asked for the name of the owner who had loaned or sold the property at issue to the State of Texas. The trial court granted the request and the State responded by amending the indictment to allege that owner. The record of the hearings clearly show that all the parties knew this amendment dealt with the same occurrence of theft as that alleged prior to any amendments. The amendment simply altered the allegation in a fact situation where the State had several choices of owners under V.T.C.A. Penal Code, § 1.07(a)(24). No prejudice to any substantial rights, notice or other, is shown. The amendments were permissible under Art. 28.10(c).

Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded to that court to consider appellant's remaining points of error.

CLINTON, BAIRD and OVERSTREET, JJ., concur in result.

---

4. Because of the different nature of informations, a different aspect of prejudice to the substantial rights of a defendant would be implicated.