Fennell v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-383-CR





REYNALDO FENNELL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY 



NO. 378-663, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING



 





 Following a bench trial, Reynaldo Fennell was convicted of assault and sentenced
to 180 days imprisonment and a $1,000 fine, all probated for a year. See Tex. Penal Code Ann.
§ 22.01(a) (West 1994). (1) He appeals. We will affirm the trial-court judgment.



THE CONTROVERSY


 Edward and Curtis Bradford are agents of a finance company; their job is to
repossess cars from car-owners delinquent in payments. On July 1, 1992, the Bradfords, acting
on the orders of the finance company, set out to repossess Reynaldo Fennell's automobile. The
Bradfords followed Fennell and his wife as they drove to a convenience store. Once the Fennells
were inside the store, Curtis blocked the store's entrance while Edward got into Fennell's car and
drove away.

 As Curtis explained that he was an agent of the finance company sent to repossess
the car, the Fennells became increasingly distraught. They claimed Mrs. Fennell had personal
effects in the car and convinced Curtis to take them to retrieve those effects. However, when
Curtis delivered them to where Edward was waiting with the repossessed car, an altercation
ensued wherein the Fennells reclaimed possession of the car. Edward claims Reynaldo Fennell
attacked him during the reclamation.

 Reynaldo Fennell was tried and convicted for assault with bodily injury against
Edward Bradford. The initial complaint and information alleged that Fennell kicked Bradford
"about the leg." The State later moved to amend the information from "about the leg" to "about
the torso," pursuant to Art 28.10 of the Texas Code of Criminal Procedure. (2) Over the defendant's
objection, the trial court granted the motion and the information was amended. However, the
complaint retained the original language alleging a kick "about the leg."


 

AMENDMENT OF THE INFORMATION


 In his first point of error, appellant asserts that the trial court erred by allowing the
State to amend the information so that it no longer conformed to the complaint.

 An information must be based on a valid complaint. State v. Price, 816 S.W.2d
824, 827 (Tex. App.--Austin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 21.22 (West 1974). 
The information must agree with the complaint on matters of time and venue, as well as the names
of the defendant and injured party. It must substantially conform with the allegations descriptive
of the offense. Holland v. State, 623 S.W.2d 651, 651 (Tex. Crim. App. 1981).

 Appellant contends this Court should construe Art. 28.10 to allow the State to
amend the information only when such amendment brings the information into conformity with
the complaint. Appellant argues that Art. 28.10 should not allow the State to amend the
information so that it differs from the complaint. We decline to give such a narrow reading to
Art. 28.10.

 The court of criminal appeals has addressed the application of article 28.10. 
Flowers v. State, 815 S.W.2d 724 (Tex. Crim. App. 1991). Although Flowers deals explicitly
with indictments, its holdings are equally applicable to informations. The legislature has indicated
that it intends for indictments and informations to be treated identically. Tex. Code of Crim.
Proc. Ann. art. 21.23, 28.10 (West 1974).

 In Flowers, a prosecution for theft of oilfield equipment, the trial court allowed
amendment of the indictment in two respects: first, by adding a definition of "unlawfully," and
second, by changing the name of the owner of the oilfield equipment. The court of criminal
appeals allowed these amendments, asking first if the amendment charged a different offense, and
second, if the amendment prejudiced the substantial rights of the accused. The court concluded
that the definition of "unlawfully" is not an essential element of the offense. Amending the
indictment in this instance merely added evidentiary matters the State was bound to prove. Id at
727. Also, the court found permissible the amendment of the name of the property owner, as this
amendment merely altered an element of the offense. "A change in an element of an offense
changes the evidence required to prove that offense, but it is still the same offense." Id at 728.

 Therefore, an amendment of the indictment or information over the defendant's
objection may stand only if the amendment (1) neither charges a different offense from that
initially alleged, nor (2) prejudices substantial right of the defendant. "Different offense" means,
literally, a different statutory offense. Id. In the instant case, the first inquiry asks if the
amendment charges a different statutory offense from that initially alleged. The complaint and
information initially alleged an assault. A person commits an assault if he intentionally,
knowingly, or recklessly causes bodily injury to another. Tex. Penal Code Ann. § 22.01(a)(1). 
Here, the State amended the location of the kick from "leg" to "torso." The location of the kick
is simply an evidentiary matter as to the matter and means of the assault. The matter and means
of an assault are not elements of the offense; they relate only to the certainty and definiteness
required to enable the defendant to reasonably understand the nature and cause of the accusation
against him. Boney v. State, 572 S.W.2d 529, 532 (Tex. Crim. App. 1978). Hence, all the
amendment altered was an evidentiary matter that must be proved at trial. No element of the
offensive conduct has changed; the information still alleges intentional, knowing, or reckless
bodily injury to another person. The allegations of assault parallel those found in the complaint. 
Only the bodily location of that assault differs, and this difference does not create a different
statutory offense.

 The second inquiry asks if the amendment prejudiced a substantial right of the
defendant. As just discussed, this information was not an element of the offense, and as such,
need not have been included in the indictment and information at all. The addition of this
information gave appellant more notice of the details of the offense than that to which he was
legally entitled. Since appellant was not legally entitled to have this information included in the
information at all, it is doubtful that its inclusion could ever be harmful under Art. 28.10(c) so
as to prejudice his substantial rights. Flowers v. State, 815 S.W.2d 724, 727 (Tex. Crim. App.
1991).

 We overrule Fennell's first point of error.



APPLICATION OF THE DEFENSE OF PROPERTY


 In his final two points of error, appellant argues the trial court erred by not
allowing him to raise defense-of-property as a defense and by not allowing him to introduce
evidence supporting such a defense.

 To raise an affirmative defense, there must be evidence that a reasonable trier of
fact could accept as sufficient to prove every element of that defense. Tex. Penal Code Ann. §
2.04(c) (West 1994). A "defendant is entitled to an affirmative defense on every issue raised by
the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even
if the trial court is of the opinion that the testimony is not entitled to belief." Sanders v. State,
707 S.W.2d 78, 80 (Tex. Crim. App. 1986); Thomas v. State, 678 S.W.2d 82, 84 (Tex. Crim.
App. 1984).

 The elements of defense of property are (1) unlawful dispossession; (2) use of force
against another; (3) either immediately or in fresh pursuit; (4) a reasonable belief that force was
necessary; (5) in order to recover the property; and (6) a reasonable belief that the other had no
claim of right to the property. Tex. Penal Code Ann. § 9.41(b) (West 1994).

 Appellant failed to raise the second element, i.e., the use of force against another. 
He never admitted to assaulting Edward Bradford. Indeed, throughout the trial, he steadfastly
denied any physical contact at all with Edward Bradford. In all of the Texas Penal Code's
defenses, "one principle runs consistently throughout: evidence which constitutes a defense
requires the accused to admit the commission of the offense, but to justify or excuse his actions
so as to absolve him of criminal responsibility for engaging in conduct which otherwise constitutes
a crime." Sanders v. State, 707 S.W.2d 78, 81 (Tex. Crim. App. 1986). Thus, to claim the
defense of property, one must admit commission of the assault constituting the defense. Appellant
never admitted to harming Edward Bradford; without such an admission, the element of defense
of property can never be met. The trial court did not err by refusing to charge the defense.

 Appellant also maintains the trial court erred by refusing to admit into evidence
documentary and testimonial evidence that tended to support the defendant's defense-of-property
claim. Such evidence would be entirely irrelevant; as discussed above, without an admission of
the crime, the defense is unavailable. Accordingly, we overrule Fennell's second and third points
of error.

 Finding no error, we affirm the trial court's judgment.




 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: September 14, 1994

Do Not Publish
1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73rd Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994,
have no substantive effect on this offense, the current code is cited for the sake of
convenience.
2.   Article 28.10 of the Texas Code of Criminal Procedure provides:


 (a) After notice to the defendant, a matter of form or substance in
an indictment or information may be amended at any time before the
date the trial on the merits commences. On the request of the defendant,
the court shall allow the defendant not less than 10 days, or a shorter
period if requested by defendant, to respond to the amended indictment
or information.


 (b) A matter of form or substance in an indictment or information
may also be amended after the trial on the merits commences if the
defendant does not object.


 (c) An indictment or information may not be amended over the
defendant's objection as to form or substance if the amended indictment
or information charges the defendant with an additional or different
offense or if the substantial rights of the defendant are prejudiced.