NO. 07-07-0110-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 26, 2008

_____


RAMON DURAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-061-109; HONORABLE ROLAND SAUL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Ramon Duran, was convicted by a jury of one count of aggravated sexual assault and three counts of sexual assault. The jury assessed a forty-eight year sentence and a $5,000 fine on the aggravated sexual assault conviction and a twenty year sentence and a $2,000 fine on each of the three counts of

sexual assault. Appellant presents two issues on appeal. By issue one, he contends (1) the trial court committed reversible error in granting, over his objections, the State's motion to amend the indictment. As subparts of issue one, Appellant maintains that not only was he denied a grand jury review of the new offense, the trial court's error introduced a new and different offense for the jury to consider. By his second issue, Appellant asserts the trial court erred in admitting into evidence, over his objections, a statement written by the interrogating officer in violation of article 38.22(3)[1] of the Texas Code of Criminal Procedure. We affirm.

## Factual Background

According to A.H.'s[2] testimony, Appellant, his brother, and another individual sexually assaulted her in the early morning hours of June 14, 2006. She had spent the evening of June 13th with friends, and after she dropped them off and was driving home alone, she heard a man, whom she mistook for one of her friends, call out to her. She pulled up beside the man and recognized him but did not know him. She testified that he asked for a ride and entered her truck from the passenger's side. The victim testified that the man who called out to her and entered her truck was Appellant's brother, Johnny Joe Duran. Two men then opened the driver's side door of her truck, pulled her out, and

---

[1]Although incorrectly denominated as article 38.22(3), we understand Appellant's issue to address consideration of article 38.22, § 3(a) of the Texas Code of Criminal Procedure.

[2]To protect the victim's privacy, we refer to her by initials.

dragged her to the side of an apartment. There, she was forced to her hands and knees while all three men took turns sexually assaulting her both vaginally and anally. They also penetrated her mouth with their penises. She convinced them to let her go by telling them she would bring back another girl. Because Appellant does not challenge the sufficiency of the evidence, only details necessary to disposition of his issues will be discussed.

## Amendment of the Indictment

By his first issue, Appellant maintains the trial court committed reversible error in permitting the State to amend the indictment over his objection because it introduced a new and different offense for the jury to consider and denied him a grand jury review of the new count.[3] We disagree.

On September 6, 2006, the Deaf Smith County Grand Jury returned the original indictment charging Appellant with three counts, to-wit:

### Count I

THE GRAND JURORS, . . . present in and to said Court that <u>RAMON DURAN</u> . . . on or about the 14th day of June, 2006, . . . did then and there intentionally and knowingly act in concert with Juan Daniel Morales by pushing the head of A.H. onto the sexual organ of Juan Daniel Morales, and during the course of the same criminal episode, the said Juan Daniel Morales did intentionally and knowingly cause the penetration of the mouth

---

[3]Although the State points out that Appellant did not adequately brief all his complaints under this issue, we nevertheless review all his complaints in the interest of justice.

of A.H. by the sexual organ of the said Juan Daniel Morales, without the consent of A.H.

## Count II

And it is further presented in and to said Court that on or about the 14th day of June, 2006, . . . [Ramon Duran] did then and there intentionally or knowingly cause the penetration of the anus or sexual organ of A.H. by [Ramon Duran's] sexual organ, without the consent of A.H.

## Count III

And it is further presented in and to said Court that on the 14th day of June, 2006, . . . [Ramon Duran] did then and there intentionally or knowingly cause the penetration of the mouth of A.H. by [Ramon Duran's] sexual organ, without the consent of A.H., against the peace and dignity of the State.

On March 2, 2007, the trial court granted the State's Motion to Amend the

Indictment.  As amended, the indictment charged Appellant with four counts, to-wit:

## Count I

THE GRAND JURORS, . . . present in and to said Court that RAMON DURAN . . . on or about the 14th day of June, 2006, . . . did then and there intentionally or knowingly act in concert with Juan Jose Duran aka Johnny Joe Duran by restraining A.H., and during the course of the same criminal episode, the said Juan Jose Duran aka Johnny Joe Duran did intentionally and knowingly cause the penetration of the sexual organ of A.H. by Juan Jose Duran aka Johnny Joe Duran's sexual organ, without the consent of A.H.

4

## Count II

And it is further presented in and to said Court that on or about the 14th day of June, 2006, . . . [Ramon Duran] did then and there intentionally or knowingly cause the penetration of the sexual organ of A.H., by [Ramon Duran's] sexual organ, without the consent of A.H.

## Count III

And it is further presented in and to said Court that on or about the 14th day of June, 2006, . . . [Ramon Duran] did then and there intentionally or knowingly cause the penetration of the anus of A.H. by [Ramon Duran's] sexual organ, without the consent of A.H.

## Count IV

And it is further presented in and to said Court that on or about the 14th day of June, 2006, . . . [Ramon Duran] did then and there intentionally or knowingly cause the penetration of the mouth of A.H. by [Ramon Duran's] sexual organ, without the consent of A.H., against the peace and dignity of the State.

Article 28.10(c) of the Texas Code of Criminal Procedure Annotated (Vernon 2005) provides that an indictment may not be amended over a defendant's objection if it charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced. *See Flowers v. State*, 815 S.W.2d 724, 725-727 (Tex.Crim.App. 1991). Appellant argues that the amendment of Count I and the addition of Count III charged Appellant with an additional or different offense in violation of article 28.10(c).

"Additional or Different Offense"

The phrase "an additional or different offense" is not defined in the Code. In *Flowers*, the Court held that "an additional or different offense" under article 28.10(c) means a different statutory offense. 815 S.W.2d at 728. The Court concluded that a change in an element of an offense changes the evidence required to prove that offense, but it is still the same offense. *Id*.

Count I of the original indictment alleged that Appellant acted in concert with Juan Daniel Morales in pushing the victim's head onto Morales's sexual organ while Count I of the amended indictment alleged that Appellant acted in concert with Johnny Joe Duran by restraining the victim while Johnny Joe Duran penetrated her sexual organ with his sexual organ. Although the co-defendant's name and the sexual act committed were changed, Count I of the amended indictment did not charge a different offense. It alleged a different means of committing aggravated sexual assault and merely changed the evidence required to prove the offense. *See* Tex. Penal Code Ann. § 22.021(a)(1)(A)(i) and (ii) and (a)(2)(A)(v).

Count II of the original indictment filed by the grand jury charged Appellant with penetration of A.H.'s sexual organ *or* anus by his sexual organ. (Emphasis added). Thus, the grand jury reviewed both means of committing one offense, to-wit: (1) penetration of the victim's anus and (2) penetration of the victim's sexual organ. *See* Tex. Penal Code

Ann. § 22.011(a)(A). *See also Cuesta v. State*, 763 S.W.2d 547, 550 (Tex.App.–Amarillo 1988, no pet.).

Count II of the amended indictment charged Appellant with penetration of A.H.'s sexual organ, while Count III of the amended indictment charged Appellant with penetration of A.H.'s anus. The amended indictment did not charge an additional or different offense; it merely separated the different means of committing the same offense, sexual assault, into different counts. *See generally* Tex. Code Crim. Proc. Ann. art. 21.24(a) (permitting two or more offenses to be joined in a single indictment with each offense being stated in a separate count if the offenses arise out of the same criminal episode as defined in § 3.01 of the Penal Code).[4] Appellant was therefore not denied grand jury review of the charges against him as required by article I, § 10 of the Texas Constitution.

We have not overlooked Appellant's reliance on *Nichols v. State*, 52 S.W.3d 501 (Tex.App.–Dallas 2001, no pet.). In *Nichols*, the court concluded that allowing the State to amend an indictment interchanging among any of the nine subsections and over one hundred complex chemical structures individually composing Penalty Group 1 would constitute charging a different statutory offense because it directly contravened the legislative intent behind the statute. *Id*. at 503. However, *Nichols* involves the amendment of an indictment alleging an offense under the Texas Controlled Substances Act. *See* Tex.

---

[4]This procedure ensures jury unanimity–every juror agrees that the defendant committed the same, single, specific criminal act. *See Ngo v. State*, 175 S.W.3d 738, 745 (Tex.Crim.App. 2005).

Health & Safety Code Ann. §§ 481.101-.105 (Vernon 2003 and Supp. 2007). We respectfully decline to apply the Dallas Court of Appeals's analysis of the Texas Controlled Substances Act to the sexual assault statute of the Penal Code. *See Delamora v. State*, 128 S.W.3d 344, 359 (Tex.App.–Austin 2004, pet. ref'd) (a court of appeals is not bound by the decision of a sister court). Albeit *Flowers* involved theft, and not sexual assault, we are bound by the decisions of our State's highest criminal court. *See Purchase v. State*, 84 S.W.3d 696, 701 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd).

We conclude the amended indictment did not allege a different statutory offense and thus, did not run afoul of the "additional or different offense" provision contained in article 28.10(c) of the Texas Code of Criminal Procedure. Our conclusion, however, does not end our analysis. Even if an amended indictment does not charge an additional or different offense, it may nonetheless be improper if it prejudices the substantial rights of the defendant. *See Flowers*, 815 S.W.2d at 729.

"Substantial Rights of the Defendant"

In *Adams v. State,* 707 S.W.2d 900 (Tex.Crim.App. 1986), the Court of Criminal Appeals discussed the analysis of prejudice to the "substantial rights" of a defendant in the context of a notice defect in a charging instrument under article 21.19 of the Texas Code of Criminal Procedure. In *Flowers* the Court determined that a similar review was appropriate under the "substantial rights" provision of article 28.10(c) to determine and evaluate prejudice. 815 S.W.2d at 729. In that context, the Court determined that a review

8

of the record was appropriate to decide whether the error in failing to convey notice had an impact on the defendant's ability to prepare a defense.

Appellant argues for reversal based on error of constitutional dimension because the amendment contributed to his conviction and punishment. However, we have already concluded that there was no error, constitutional or otherwise, in amending the indictment over Appellant's objections. The acts alleged in the original indictment and the acts alleged in the amended indictment arose out of the same criminal episode. Even though the amended indictment introduced a new and different co-defendant, i.e., Juan Jose Duran instead of Juan Daniel Morales, the State's theory of the case did not change. The same parties were involved in the same criminal episode. Therefore, after reviewing the entire record, we conclude that Appellant's ability to prepare a defense was not affected by the amended indictment. Issue one is overruled.

**Appellant's Voluntary Statement**

By his second issue, Appellant maintains the trial court erred in failing to suppress a statement written by the interrogating officer because no electronic recording was made in violation of article 38.22, § 3 of the Texas Code of Criminal Procedure. The State responds that the trial court did not abuse its discretion because the statement in question is a written statement, subject to the provisions of article 38.22, § 2, not an oral statement subject to the provisions of article 38.22, § 3. We agree with the State.

9

Article 38.22, § 3 provides in part:

> [n]o oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:
>
> (1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement
> . . . .

*See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(1) (Vernon 2005).

State's Exhibit 23 is a written document entitled "Voluntary Statement," which Appellant signed, that describes the acts committed against the victim. In the statement, Appellant asserted the victim was a willing participant in the sexual acts. Detective Robin Ruland testified that he took Appellant's oral statement. Ruland then physically transcribed Appellant's own words onto the Voluntary Statement form. He also testified that Appellant read the statement before signing it and did not question it.

Article 38.22, § 1 provides that a *written statement of an accused means a statement signed by the accused or a statement made by the accused in his own handwriting . . . .* (Emphasis added). This section provides that, for those situations where a statement is written by someone other than the accused, the statement must be signed by the accused. Thus, the statement in question is not an oral statement.

Article 38.22, § 2 provides, "[n]o written statement made by an accused as a result of custodial interrogation is admissible against him in any criminal proceeding unless it is shown on the face of the statement that" certain constitutional rights were given. *See* art.

10

38.22, §2 (a). There is no requirement in article 38.22 that a written statement be electronically recorded.

State's Exhibit 22, entitled "Officers Warning of Constitutional Rights," bears Appellant's signature and also reflects his initials by each of the four required admonitions. Detective Ruland testified that per his customary practice, he read Appellant his constitutional rights and instructed him to initial each right if he understood it. In Detective Ruland's opinion, Appellant understood his rights and voluntary signed the form and initialed each warning.

Appellant does not dispute that he voluntarily signed the "Officer's Warning of Constitutional Rights" and the "Voluntary Statement" transcribed by Detective Ruland. Thus, we find that Appellant's statement constituted a written statement controlled by article 38.22, § 2, not by article 38.22, § 3, and hence, there was no requirement that it be electronically recorded. We conclude the trial court did not abuse its discretion in denying Appellant's motion to suppress the "Voluntary Statement." *See Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). Issue two is overruled.

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

11