

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00371-CR
### NO. 02-15-00372-CR

PAUL SULAK                                                        APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1348546D, 1348549D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Paul Sulak appeals two convictions for sexual performance by a child under fourteen years of age.[2]  *See* Tex. Penal Code Ann. § 43.25(b), (c)

---

[1]*See* Tex. R. App. P. 47.4.

[2]Sulak was also convicted for one count of indecency with a child by contact for which he was sentenced to six years' imprisonment.  He does not challenge that conviction on appeal.

(West 2011). The jury assessed Sulak's punishment at seventeen years' confinement on each of the convictions for sexual performance by a child under fourteen years of age; the trial court sentenced Sulak accordingly and ordered the sentences to run concurrently. In two points, Sulak argues that the evidence is insufficient to support his two convictions because the State failed to prove that the actors doing the touching (i.e., the children—Tom and Liz)[3] did so with the intent to arouse or gratify the sexual desire of any person. We will affirm.

## II. FACTUAL BACKGROUND

Sulak's two indictments alleged,[4] in pertinent part, that he did

THEN AND THERE INTENTIONALLY OR KNOWINGLY, KNOWING THE CHARACTER AND CONTENT THEREOF, EMPLOY, AUTHORIZE OR INDUCE A CHILD YOUNGER THAN 14 YEARS OF AGE, NAMELY, [LIZ] TO ENGAGE IN SEXUAL CONDUCT OR A SEXUAL PERFORMANCE, TO-WIT: DIRECTING [TOM], A CHILD YOUNGER THAN 14 YEARS OF AGE, TO CONTACT THE GENITALS OF [LIZ], A CHILD YOUNGER THAN 14 YEARS OF AGE, WITH A HAIRBRUSH[]

---

[3]To protect the anonymity of the child victims, we will use aliases for the children and their mothers. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[4]The sole difference between the two indictments—and consequently the application paragraphs in the court's charges—was which child Sulak had induced to engage in sexual conduct; in the case underlying appeal 02-15-00371-CR, the indictment alleged that Sulak had induced Liz to engage in sexual conduct, and in the case underlying appeal 02-15-00372-CR, the indictment alleged that Sulak had induced Tom to engage in sexual conduct. *See Eubanks v. State*, 326 S.W.3d 231, 242 & n.3 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (noting that sexual performance by a child is a conduct-oriented offense and that each victim constitutes an allowable unit of prosecution), *cert. denied*, 563 U.S. 1033 (2011).

and that he did

> THEN AND THERE INTENTIONALLY OR KNOWINGLY, KNOWING THE CHARACTER AND CONTENT THEREOF, EMPLOY, AUTHORIZE OR INDUCE A CHILD YOUNGER THAN 14 YEARS OF AGE, NAMELY, [TOM] TO ENGAGE IN SEXUAL CONDUCT OR A SEXUAL PERFORMANCE, TO-WIT: CONTACTING THE SEXUAL ORGAN OF [LIZ], A CHILD YOUNGER THAN 14 YEARS OF AGE, WITH A HAIRBRUSH.

During the trial, the jury heard testimony from the two child victims—Tom, Sulak's son, and Liz, Sulak's niece—both of whom were seven years old at the time of the trial. They testified that they were four or five years old at the time the incident occurred. Liz testified that "Uncle Paul" instructed Tom to tell her to pull down her pants, and when she eventually complied, Uncle Paul told Tom to brush Liz's "pee-pee" with a blue Cinderella brush, and he did. Tom similarly testified that he used a Cinderella hairbrush to touch Liz's "[v]agina and butt" because his father made him. Liz's trial testimony was consistent with the information that she provided to the sexual assault nurse examiner who saw Liz one month after the incident. Tom's trial testimony was consistent with the information he provided to the forensic interviewer who interviewed him less than one month after the incident. Sulak denied all of the children's accusations and testified that Liz's mother Rebecca had caught Tom on top of Liz "with his hand in between her legs in her private area" and that when Sulak and Rebecca questioned the children about where they had learned this behavior, Tom said that he had learned it from "Mommy and [her boyfriend] David." Sulak's

3

testimony did not line up with the testimony given by Rebecca, to whom Liz made an outcry.

## III. STANDARD OF REVIEW

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015). However, when an appellant challenges only the sufficiency of a specific fact that is not an essential element of the offense, we need not consider the sufficiency of the evidence supporting that fact, nor must we analyze the sufficiency of the evidence to support the essential elements of the offense. *See Campbell v. State*, 139 S.W.3d 676, 686 (Tex. App.—Amarillo 2003, pet. ref'd); *Edwards v. State*, 97 S.W.3d 279, 290 n.7 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *Briones v. State*, 76 S.W.3d 591, 596 (Tex. App.—Corpus Christi 2002, no pet.).

## IV. APPLICABLE LAW

A person commits the offense of sexual performance by a child if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than fourteen years of age to engage in sexual conduct or a sexual performance. Tex. Penal Code Ann. § 43.25(b). "Sexual conduct" is defined as including sexual contact. *Id.* § 43.25(a)(2). "Sexual contact" is defined in the public indecency statute as any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. *Compare id.* § 43.01(3) (West 2011), *with id.* § 21.11(c)(1) (West 2011) (defining "sexual contact" for the offense of indecency with a child any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person).

The phrase "knowing the character and content thereof" establishes the necessary *mens rea* of the offense of sexual performance by a child. *See id.* § 43.25(b); *Dornbusch v. State*, 156 S.W.3d 859, 869 (Tex. App.—Corpus Christi 2005, pet. ref'd). To prove the offense of sexual performance of a child, the State is required to prove that the defendant knows the conduct induced or directed is sexual in nature. *Dornbusch*, 156 S.W.3d at 869.

## V. ANALYSIS

Sulak argues that because "[t]he jury charge in accordance with the indictment[s] defined sexual performance as inducing a child to engage in sexual

5

conduct"; because "sexual conduct" is defined in the charge as "sexual contact"; and because "sexual contact" is defined in the charge as "any touching by a person, including touching through clothing, of any part of the genitals of a child, with the intent to arose or gratify the sexual desire of any person," the State was required to prove that when Tom and Liz engaged in sexual contact *they* had the intent to arouse or gratify the sexual desire of any person. *See* Tex. Penal Code Ann. §§ 21.11(c)(1), 43.01(3), .25(a)(1), (2) (setting forth definitions). But to juxtapose the statutory offense and definitions in the manner proposed by Sulak would nullify the offense. That is, under Sulak's reasoning, so long as the child complainant who was induced to engage in sexual contact had no intent to arouse or gratify the sexual desire of another person, the offense of sexual performance of a child by sexual conduct constituting sexual contact could never be established. *See Flowers v. State*, 815 S.W.2d 724, 729 (Tex. Crim. App. 1991) (stating that "[b]ecause a statute should be interpreted to be effective," it would not construe a statute in such a way that its language would be nullified); *see also Griffith v. State*, 116 S.W.3d 782, 785 (Tex. Crim. App. 2003) ("If one reasonable interpretation yields absurd results while the other interpretation yields no such absurdities, the latter interpretation is preferred."). Moreover, courts "have long recognized that children lack the experience and mental capacity to appreciate the nature and consequences of sex[] and therefore cannot knowingly consent to sex"; consequently, children cannot form the intent to arouse or gratify the sexual desire of any person. *See In re B.W.*, 313 S.W.3d

6

818, 823 (Tex. 2010) (holding that juvenile could not legally consent to sex and thus could not be adjudicated delinquent for offense of prostitution); *Smallwood v. State*, 471 S.W.3d 601, 607 (Tex. App.—Fort Worth 2015, pet. ref'd) ("[A] child cannot consent to sexual contact or intercourse.").  Accordingly, we hold that the offense of sexual performance by a child does not require the State to prove beyond a reasonable doubt that the children who were employed, authorized, or induced to engage in sexual conduct constituting sexual contact possessed the intent to arouse or gratify the sexual desire of any person.  *See* Tex. Penal Code Ann. § 43.25(b); *Dornbusch*, 156 S.W.3d at 869.

Because Sulak's two sufficiency challenges attack the lack of evidence to prove a fact that is not an element of the offense of sexual performance of a child, we overrule them.  *See* Tex. Penal Code Ann. § 43.25(b); *Bell v. State*, 326 S.W.3d 716, 721 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed) (declining, in appeal from conviction for sexual performance of a child, to review sufficiency of evidence showing defendant was aware of complainant's age because defendant's awareness of child's age was not an element of the offense and because "we need not evaluate the sufficiency of evidence supporting an irrelevant fact"); *Campbell*, 139 S.W.3d at 686; *Edwards*, 97 S.W.3d at 290 n.7; *Briones*, 76 S.W.3d at 596; *see also Moreno v. State*, No. 08-08-00281-CR, 2011 WL 809951, at *4 (Tex. App.—El Paso Mar. 9, 2011, no pet.) (not designated for publication) (overruling appellant's issue because his argument did "not

7

challenge the sufficiency of the evidence supporting any specific element of the actual offense for which he was convicted").

## VI. CONCLUSION

Having overruled both of Sulak's points and because Sulak raises no other sufficiency challenges that are appropriately directed to the essential elements of the offense of sexual performance of a child under fourteen, we affirm the trial court's judgments.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 23, 2016