

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TIMMIE SOULES, | § | No. 08-15-00384-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 171st District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20130D02079) |
| | § | |

**O P I N I O N**

Appellant, Timmie Soules, was convicted of nineteen counts of possession of child pornography. Pursuant to a sentencing agreement, the trial court sentenced him to eight years in prison. Here, Soules raises three issues: (1) whether the trial court erred when it granted the State leave to amend the indictment to add an omitted element of the offense in counts Four-Nineteen; (2) whether there was sufficient evidence establishing beyond a reasonable doubt that the "visual material" referenced in the indictment was the "actual" visual material contained in the photographs; and (3) whether there was sufficient evidence establishing beyond a reasonable doubt that the individuals depicted in the visual materials were under 18 years of age. Finding no error, we affirm the trial court judgment.

**BACKGROUND**

On February 25, 2013, Soules called police to obtain assistance with removing two individuals, Ray Wilson and Dawn Jackson, from his apartment. When Officer John Paul Valles arrived at Soules' apartment, Soules told him that the apartment was leased to him; that neither Wilson nor Jackson were on the lease; and that he wanted them to leave. After verifying the information with the apartment building management, Officer Valles told Wilson and Jackson they could no longer stay in the apartment. While they were gathering their belongings Wilson and Jackson made statements in Officer Valles' presence suggesting that Soules was in possession of child pornography.

After Officer Valles informed Soules that he had contacted a detective to investigate Wilson's and Jackson's statements, Soules admitted to possessing pornography but claimed that that the images were of young adults, not children. To prove it, Soules offered to show Valles images contained on his cellphone, which he claimed were sent to him by a female acquaintance. Valles looked at the images on Soules' cellphone and concluded they were inconsistent with child pornography. Shortly thereafter, Detective Robert Hanner of the Internet Crimes Against Children Unit arrived at the apartment to investigate Wilson's and Jackson's statements.

Detective Hanner informed Soules he received a report that there was child pornography in Soules' bedroom. After obtaining written consent from Soules to search his bedroom for child pornography, Detective Hanner seized a laptop, external hard drives, and several binders containing CDs and DVDs that were found in Soules' bedroom. During the search, Soules told Detective Hanner that the disks marked with a black mark contained child pornography. However, Soules said that a friend, who Soules claimed was "under suspicion" for possession of

child pornography, had given the items to Soules before the friend left El Paso. Soules also claimed that it was his intent to turn the disks over to police but had not gotten around to it. After receiving additional written consent to search the electronic media in Soules' possession including the disks, Detective Hanner reviewed their contents and confirmed that several disks contained child pornography.

At trial, Detective Hanner testified to what he had discovered during his investigation, including the admissions made by Soules. The State introduced into evidence ten disks containing the nineteen pornographic images that were seized from Soules's bedroom. In addition, Hanner described each image one at a time in detail. Following each of his descriptions, the State asked him to confirm whether his description of the image was consistent with the corresponding count alleged in the indictment. Each time, Hanner confirmed that the image described was consistent with the allegations in the indictment. Hanner further testified that, based on his experience having investigated child pornography cases and similar crimes for nine years, each of the images depicted children under the age of eighteen engaging in sexual conduct.

During Appellant's case-in-chief, he called a single witness, a computer forensic expert who testified that there was no data suggesting that Soules had opened the disks or viewed child pornography on the laptop that was seized from his bedroom. On December 2, 2015, a jury found Soules guilty of nineteen counts of possession of child pornography as alleged in the amended indictment. This appeal followed.

**DISCUSSION**

*Amended Indictment*

In his first issue, Appellant contends that the trial court erred when it permitted the State to

3

amend Counts Four-Nineteen in the original indictment to include an omitted element of the offense.

## Standard of Review

We review the trial court's decision to permit amendment to the indictment *de novo*. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex.Crim.App. 2010); *Cruz v. State*, No. 11-17-00008-CR, 2019 WL 386537, at *4 (Tex.App.—Eastland Jan. 31, 2019, pet ref'd)(mem opn., not designated for publication).

A grand jury returned an original indictment that charged Soules with nineteen counts of possession of child pornography. [1] The elements of the offense for possession of child pornography are contained in Section 43.26 of the Texas Penal Code which states:

(a) A person commits an offense if:

(1)   the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, including a child who engages in sexual conduct as a victim of an offense under Section 20A.02(a)(5)(6), (7), and (8); and

(2) the person knows that the material depicts the child as described by Subdivision (1).

TEX.PENAL CODE ANN. § 43.26(a).

Counts One-Three of the original indictment returned by the grand jury alleged that Soules:

[I]ntentionally and knowingly possess[ed] visual material that visually depicts a child younger than 18 years of age at the time the image was made engaging in sexual conduct . . . and the said defendant knew the material depicted said child engaging in sexual conduct.

Counts Four-Nineteen of the original indictment used identical language, but omitted the language

---

[1]   The Grand Jury also indicted Soules for one count of promotion of child pornography, but he was acquitted of that charge at trial.

that Soules "knew the material depicted said child engaging in sexual conduct." On December 22, 2014, approximately one year before trial, the State sought leave to amend Counts Four-Nineteen contained in the indictment to add the omitted language and to replace specific descriptions with general descriptions of markings written within the visual material. On July 10, 2015, the trial court granted the State leave to amend in a written order and the amendments were interlineated in hand-written form directly onto the original indictment.

On July 20, 2015, Soules filed a written objection to the State's amendments and moved to strike them, asserting that by "adding a different or additional offense and by surplusage," the State had violated his substantial rights under Article 28.10(c) of the Texas Code of Criminal Procedure. He further asserted the amendments violated his right to a grand-jury indictment. At the hearing to consider his motion, the State argued that the amendments were proper because they only added a missing *mens rea* element and did not allege a different or new statutory offense. The trial court overruled Soules's objection and denied his motion to strike in a written order on July 29, 2015.

*Analysis*

The Texas Constitution requires that the accused be charged by indictment for felony offenses. TEX.CONST. art. I, § 10; *see also Riney v. State*, 28 S.W.3d 561, 564 (Tex.Crim.App. 2000). The presentment of a valid indictment vests the district court with jurisdiction of the cause. TEX.CONST. art. V, § 12(b); *Studer v. State*, 799 S.W.2d 263, 268 (Tex.Crim.App. 1990); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Crim.App. 1980). The requisites of a valid indictment are controlled by statute. *See* TEX.CONST. art. V, § 12(b)("The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law."); *Studer*, 799 S.W.2d at 272 ("[R]equirements of an indictment

5

are not mandated by the constitution, but rather only by statute.").

The absence of an element in an indictment does not divest the trial court of its jurisdiction, nor does it automatically render the indictment invalid. *See Studer*, 799 S.W.2d at 271 ("By its express terms, Art. 28.10 clearly allows for the amendment of any matter of form or substance in an indictment . . . [consequently] an indictment (or information) is still an indictment (or information) . . . though it be flawed by matters of substance such as the absence of an element."). As long as "the district court and the defendant determine, from the face of the indictment, *that the indictment intends to charge a felony* or other offense for which a district court has jurisdiction," the indictment remains valid. [Emphasis added]. *Teal v. State*, 230 S.W.3d 172, 181 (Tex.Crim.App. 2007).

After a grand jury returns an indictment, amendments thereto are controlled by Article 28.10 of the Texas Code of Criminal Procedure. *Studer*, 799 S.W.2d at 271. The relevant portion of Article 28.10 states:

> (a) After notice to the defendant, a matter of form or substance in an indictment . . . may be amended at any time before the date of trial on the merits commences.
>
> .          .          .
>
> (c) An indictment . . . may not be amended over the defendant's objection as to form or substance if the amended indictment . . . charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX.CODE CRIM.PROC.ANN. art. 28.10(a), (c).

Here, Appellant contends that because an essential element, i.e., that he knew the visual material depicted a child engaging in sexual conduct, was omitted from Counts Four-Nineteen in the original indictment, he was not charged with an offense in those counts at all. Consequently,

6

he claims the amendments had the effect of charging him with an additional or different offense. If that is the case, Article 28.10(c) prohibited the State from amending the indictment over his objection and the State was required to return to the grand jury to cure the defect.

Appellant's argument is unpersuasive. Each of the nineteen counts in the original indictment is labeled "Possession of Child Pornography," which is defined by Section 43.26 of the Texas Penal Code. Except for the one element that was omitted in Counts Four-Nineteen, the indictment language tracks the language contained in Section 43.26. Consequently, the record reflects a clear intent by the grand jury to charge Appellant in its original indictment with nineteen counts of possession of child pornography, which is the same statutory offense with which he was charged after the amendments. Because Appellant fails to establish the offense in the original indictment was a different statutory offense than the offense for which he was charged after the indictment was amended, his claim fails. *See State v. Loera*, No. 08-11-00338-CR, 2013 WL 5657964, at *5 (Tex.App.—El Paso Oct. 16, 2013, no pet.)(not designated for publication)("For purposes of Article 28.10(c), a 'different offense' means a different statutory offense.")(*citing Flowers v. State*, 815 S.W.2d 724, 728-29 (Tex.Crim.App. 1991).

Appellant also claims that his substantial rights were prejudiced because he was entitled to a probable cause determination by a grand jury that he committed the offense. However, because an indictment signed by a grand jury foreman charging him with nineteen counts of possession of child pornography was in fact presented to the trial court, his right to be charged by a grand jury was met. Appellant offers no other record evidence demonstrating prejudice to his substantial rights. Indeed, the record reflects none. After giving Appellant notice, the State sought leave to amend the indictment approximately one year before trial, leave was granted approximately five

7

months before trial, and the amendments were interlineated in the original indictment before trial.

Because we disagree that the amendments charged Appellant with "additional and different" offenses and because Appellant fails to demonstrate any prejudice to his substantial rights resulting from the amendments, we overrule Appellants first issue on appeal.

### *Sufficiency of the Evidence*

In his second and third issues, Appellant contends there was insufficient evidence: (1) linking the "visual material" introduced into evidence to the "visual material" referenced in each count of the indictment; and (2) establishing the individuals depicted in the images were under 18 years of age.

### Standard of Review

We review claims of insufficiency of the evidence by viewing all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex.Crim.App. 2012). When the record supports conflicting inferences, a reviewing court must presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Wise*, 364 S.W.3d at 903.

### *Analysis*

As discussed above, a person commits an offense if the person knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, and the person knows that the material depicts the child engaging in sexual conduct. TEX.PENAL CODE ANN. § 43.26. In

8

addition, "visual material" is defined as "any film, photograph, videotape, negative, or slide or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide, or any disk, diskette, or other physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method." TEX.PENAL CODE ANN. § 43.26(b)(3). The definition of visual material in the court's charge tracked the definition in Texas Penal Code § 43.26(b)(3). Moreover, the court's charge contained the exact language of each of the allegations in the nineteen counts contained in the amended indictment. Finally, the State introduced into evidence the nineteen photographic images referenced in the nineteen counts of the amended indictment. The jurors were therefore able to look at the actual images themselves and compare them to the nineteen counts in the indictment while answering the verdict forms. We can infer from this record that any rational trier of fact could have found beyond a reasonable doubt that the images in the photographs were the same images referenced in the indictment. We overrule Appellants second issue.

Section 43.25(g) of the Texas Penal Code expressly authorizes a jury to make a determination about whether a child who participated in sexual conduct was younger than 18 years of age by: (1) personal inspection of the child; (2) inspection of the photograph that shows the child engaging in sexual performance; (3) oral testimony by a witness to the sexual performance as to the age of the child based on the child's appearance at the time; (4) expert medical testimony based on the appearance of the child engaging in the sexual performance; or ( 5) any other method authorized by law or by the rules of evidence. TEX.PENAL CODE ANN. § 43.25(g)(1)-(5).

Here, to prove the individuals depicted in the photographs were under 18 years of age, the

9

State introduced the disks containing the pornographic images into evidence and offered the lay opinion testimony of Detective Hanner, who opined that after reviewing the images, he believed the individuals depicted in the pornographic images were under the age of 18. Each of these methods of proof is authorized by law. *See* TEX.PENAL CODE ANN. § 43.25(g)(2),(5); *see also Whiddon v. State*, No. 08-11-00188-CR, 2013 WL 772830, at *4 (Tex.App.—El Paso Feb. 27, 2013, pet. ref'd)(not designated for publication)("It is well established that a lay witness can testify under Rule 701 on many subjects including an estimate of age.")(*citing Denham v. State*, 574 S.W.2d 129, 131 (Tex.Crim.App. 1978)). Because this evidence is sufficient to establish that the individuals in the photographs were under 18, and Appellant does not point us to any evidence in the record that might contradict the evidence much less conclusively establish that they were not under 18, we overrule his third issue.

## CONCLUSION

The trial court's judgment is affirmed.


October 31, 2019

YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Palafox, J., and McClure, Senior Judge
McClure, Senior Judge (Sitting by Assignment)

(Do Not Publish)

10